IN RE PETITION FOR WRIT OF HABEAS CORPUS FOR JACKSON.

[Cite as In re Jackson (1988), 36 Ohio St. 3d 189.]

(No. 87-2147—Decided April 27, 1988.)

*Robert E. Renshaw,* for appellant.
*Lee C. Falke,* prosecuting attorney, and *Ted E. Millspaugh,* for appellee.

*Per Curiam.* Appellant argues that the delay involved in bringing him to trial denies his right to a speedy trial

secured by the United States and Ohio Constitutions and R.C. 2945.71 through 2945.73, and entitles him to discharge pursuant to a writ of habeas corpus. We disagree.

R.C. 2945.71 provides in part:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"* * *

"(E) For purposes of computing time under * * * [division] (C)(2) * * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"

R.C. 2945.72 provides in part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."

The court of appeals held that appellant did not demonstrate that the trial court had taken more time than was reasonably necessary to rule on his motion to suppress. In arriving at this decision, it relied on an additional fact, developed at the hearing on the petition, that appellant was one of three co-defendants, each of whom filed motions to suppress, necessitating three separate hearings to accommodate the schedules of their counsel. Under these circumstances, we cannot say the delay was unreasonable.

An appeal rather than a writ of habeas corpus is the proper remedy to challenge alleged violations of the right to a speedy trial. *In re Singer* (1976), 45 Ohio St. 2d 130, 74 O.O. 2d 253, 341 N.E. 2d 849. The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.