RODGERS, APPELLANT, *v.* CAPOTS, CHAIRMAN, ET AL., APPELLEES.

[Cite as *Rodgers v. Capots* (1993), 67 Ohio St.3d 435.]

(No. 92–1724—Submitted July 8, 1993—Decided October 6, 1993.)

*Otis L. Rodgers, Sr., pro se.*

---

*Per Curiam.* Habeas corpus is not the proper remedy to address every concern a prisoner has about his legal rights or status. R.C. 2725.05 states:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

Petitioner does not question the jurisdiction of the trial court; he questions the constitutionality of R.C. 2967.13 (parole eligibility) as applied to him. Testing this constitutional issue is not the function of the state writ of habeas corpus, which is not coextensive with the federal writ. *Brewer v. Dahlberg* (C.A.6, 1991), 942 F.2d 328, 337. Petitioner must elect some other cause of action. *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 354, 4 O.O.3d 485, 487–488, 364 N.E.2d 286, 287–288.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.