On July 27, 1999 pro-se Petitioner Robert L. Harris filed a hand-written Petition for Writ of Habeas Corpus asserting unlawful restraint of his liberty.
Petitioner asserts that on his 89th day in jail he was compelled to sign a waiver (of speedy trial rights) by Judge Maureen A. Cronin and his counsel. He asserts intimidation by the trial court and that he acted under duress. Petitioner argues that he adamantly insisted he go to trial the following day, but that the trial court advised him that "she would find me guilty on June 2, 1999 of three counts of felonious assault and a gun specification and sentence me to twenty-seven years in jail."
The Clerk's docket record for the underlying criminal action (Common Pleas Case No. 99-CR-319) reveals that on June 21, 1999 trial counsel was permitted to withdraw and further, that defense counsel's motion to revoke the waiver of speedy trial was sustained. The following day, a new defense counsel was appointed to assist Petitioner in his trial, the trial court recused from consideration and had the matter assigned to another judge. On June 23, 1999 Petitioner filed for a writ of habeas corpus with the trial court. Subsequently, on July 12, 1999 new defense counsel filed a motion to continue the trial scheduled for July 14, 1999. On July 12, 1999 there was also filed a waiver of speedy trial. By order entered on July 15, 1999 the trial was reset for September 15, 1999 and the trial court specifically noted that the Petitioner voluntarily executed a waiver of his right to speedy trial. On July 23, 1999 the petition for writ of habeas corpus was denied by the trial court.
Application for Writ of Habeas Corpus is governed by R.C.2725.04. That section recites:
 "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 (C) The place where the prisoner is so imprisoned or restrained, if known;
 "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
A cursory review of the petition filed demonstrates that Petitioner has failed to fully comply with the statutory requirements. Secondly, a writ of habeas corpus is not an appropriate remedy when challenging a violation of the right to speedy trial. As stated in Russell v. Tate (1992),64 Ohio St.3d 444:
 "An appeal rather than a writ of habeas corpus is the appropriate remedy when challenging violations of the right to a speedy trial. In re Jackson
(1988), 36 Ohio St.3d 189, 522 N.E.2d 540."
Third, res judicata precludes an inmate from filing successive habeas corpus petitions. State ex rel. Brantley v. Ghee (1997),80 Ohio St.3d 287. Petitioner may not file a petition in Common Pleas Court, have that petition overruled and then proceed to file the same petition in this court.
Finally, the clerk's docket record reveals that Petitioner executed a voluntary waiver of his right to speedy trial after his first trial counsel had withdrawn and his case was assigned to a different judge. (Waiver filed July 12, 1999 in Common Pleas Case No. 99-CR-319).
For all the above stated reasons this court sua sponte
dismisses the Petition For Writ of Habeas Corpus. Costs waived due to Petitioner's indigency.
Final order. Clerk to serve notice as required by the Civil Rules.
Copy to Judge John Durkin of Mahoning County Common Pleas Court and Paul Gains, Mahoning County Prosecutor.
 ____________________________ JUDGE GENE DONOFRIO
 ____________________________ JUDGE JOSEPH J. VUKOVICH
 ____________________________ JUDGE CHERYL L. WAITE