JOURNAL ENTRY AND OPINION
On February 3, 2000, the petitioner, Diane Tomajko, commenced this habeas corpus action against the respondent, the Warden of the Cleveland House of Corrections, to compel her discharge from imprisonment because the statute under which she is charged is unconstitutional. On March 1, 2000, the respondent, through the City of Cleveland Prosecutor, moved to dismiss. On March 8, 2000, Ms. Tomajko filed a brief in opposition. For the following reasons this court grants the motion to dismiss.
 FACTUAL AND PROCEDURAL BACKGROUND
Ms. Tomajko was arrested for violating M.C. 607.19, Drug-Related Activities Prohibited, a first degree misdemeanor. On February 2, 2000, the Cleveland Municipal Court found her not competent to stand trial. The court ordered her transferred, through the Cleveland House of Corrections, to the North Coast Behavioral Health Care System-North Campus Evaluation Unit to restore her competency. The trial court ordered her status reviewed on April 10, 2000. In the complaint Ms. Tomajko's counsel alleges that the trial judge will not rule on challenges to M.C. 607.19 until the court determines that she has regained her competency. Counsel concluded that habeas corpus is the appropriate relief, because there appeared to be no other way to immediately challenge the constitutionality of the ordinance.
The ordinance is premised on the fact that drug dealers commonly engage in readily and easily recognizable behaviors, such as repeatedly stopping pedestrians and cars to solicit sales, furtively transferring drugs, and carrying the drugs in their mouths so that they can swallow the drugs if confronted by the police. The ordinance seeks to criminalize such actions to curtail the sale of illegal drugs, even if the police do not find illegal drugs on a suspect.
In Cleveland v. Stephens (1994), 93 Ohio App.3d 827, this court ruled that a predecessor ordinance, Cleveland Codified Ordinance 607.19 — Drug Loitering, was unconstitutionally vague and overly broad. The City of Cleveland enacted M.C. 607.19 in an attempt to correct the constitutional defects by including a specific intent element and by specifically articulating the prohibited acts. However, Ms. Tomajko maintains that these efforts were not successful. The ordinance remains unconstitutionally vague and overbroad. She also argues that it violates procedural and substantive due process. The entire thrust of her habeas corpus action is to have this court declare M.C. 607.19 unconstitutional. Her release then follows as an afterthought.
Ms. Tomajko's counsel in the brief in opposition also complains that the City of Cleveland with the aid of the municipal court has protected the ordinance from constitutional challenge. He asserts that for over a year he has tried to raise the issue of the ordinance's constitutionality. However, the city has thwarted these efforts by a combination of plea bargains, reduction or dismissal of charges, and dismissals for want of prosecution.
 DISCUSSION OF LAW
The city's most substantive argument is that habeas corpus should be denied when the writ does not attack the jurisdiction of the court. R.C. 2725.07 provides in pertinent part as follows: "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court * * * or by virtue of the judgment or order of a court of record, and that the court * * * had jurisdiction to issue the process, render judgment or make the order, the writ of habeas corpus shall not be allowed." In response the petitioner argues that she is attacking the jurisdiction of the court, because that jurisdiction was invoked by an unconstitutional law.
However, the petitioner's argument in not well founded. First, the petitioner cites no authority to support the proposition that a court loses jurisdiction over a case if an unconstitutional statute is involved. More importantly, a court's jurisdiction is a function of the power granted to it, not a function of the constitutionality of the laws over which it must review, enforce or apply. In State v. Swiger (1998), 125 Ohio App.3d 456,708 N.E.2d 1033, appeal dismissed (1998), 82 Ohio St.3d 1411, the court reaffirmed the proposition that the inquiry into a court's subject matter jurisdiction is whether the court has power over the class of cases, not the particular case before it. If it is clear "from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the `exercise of jurisdiction' as distinguished from the want of jurisdiction in the first instance." Swiger, 124 Ohio App.3d at 462, citing In the matterof Waite (1991), 188 Mich. App. 189, 199-200, 468 N.W.2d 912,917. It is undisputed that this case involves a criminal ordinance of the City of Cleveland and that R.C. 1901.20 grants a municipal court "jurisdiction of the violation of any ordinance of any municipal corporation within its territory." Accordingly, the petitioner's constitutional challenge does not attack the respondent's jurisdiction, and the habeas action is not well founded. Cf. State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25,607 N.E.2d 453 — habeas corpus would not lie for alleged denial of constitutional rights during trial.
The respondent's next argument is that habeas corpus will not lie to test the sufficiency or validity of the complaint; the respondent further notes that the gravamen of the petitioner's complaint is that she is wrongfully confined because the ordinance under which she is being held is unconstitutional. Ms. Tomajko affirms the principle that habeas corpus does not lie to attack the sufficiency or form of the complaint or indictment, but argues that it has no relevance in this matter because she is attacking not the form of the complaint but the ordinance itself.
However, habeas corpus is not the proper tool to challenge the constitutionality of an ordinance or statute. In Rodgers v.Kapots (1993), 67 Ohio St.3d 435, 436, 619 N.E.2d 685, the Supreme Court of Ohio ruled: "Petitioner does not question the jurisdiction of the trial court; he questions the constitutionality of R.C. 2967.13 (parole eligibility) as applied to him. Testing this constitutional issue is not the function of the state writ of habeas corpus * * *. Petitioner must elect some other cause of action." Similarly, in Yutze v. Copelan (1923),109 Ohio St. 171, 142 N.E. 33, the syllabus, the Court held: "A writ of habeas corpus will not lie, to test the constitutionality of a statute or ordinance, in favor of one who has been convicted, where the criminal court wherein the conviction was obtained had jurisdiction or power to determine the question of constitutionality. In such case the writ cannot be made a substitute for proceedings in error."
This court further notes that to the extent that the complaint is actually a claim for declaratory judgment, "courts of appeals have no jurisdiction to hear declaratory judgment actions because that would extend their constitutionally declared jurisdiction over original actions." State ex rel. Coyne v. Todia (1989),45 Ohio St.3d 232, 543 N.E.2d 1271. In State ex rel. Neer v.Industrial Commission of Ohio (1978), 53 Ohio St.2d 22,371 N.E.2d 842, the relator sought to compel the Industrial Commission to hear her case, but to do so the court of appeals would have to declare a statute of limitations unconstitutional. The court of appeals dismissed the writ action because it was actually a claim for declaratory judgment osier which the court did not have jurisdiction. The Supreme Court of Ohio affirmed for the same reason.
The respondent's next argument that adequate remedies at law prevent the writ from issuing is also well taken. Litigating the constitutional issues in the trial court and then, if necessary, appealing the matter are adequate remedies at law which preclude the writ of habeas corpus from issuing. Thomas v. Huffman (1998),84 Ohio St.3d 266, 703 N.E.2d 315; In re Jackson (1988), 36 Ohio St.3d 189,522 N.E.2d 540 and Luchene v. Wagner (1984), 12 Ohio St.3d 37,465 N.E.2d 395.
In opposition to this point, the petitioner argues that there really is no adequate remedy because the City will prevent the issue from being appealed. This is not persuasive. Difficulties in pursuing an appeal do not render the appeal an inadequate remedy. State ex rel. Toledo Metro Federal Credit Union v. OhioCivil Rights Commission (1997), 78 Ohio St.3d 529,678 N.E.2d 1396 and State ex rel. Casey Outdoor Advertising, Inc. v. OhioDepartment of Transportation (1991), 61 Ohio St.3d 429,575 N.E.2d 181. The petitioner also implores this court to issue the writ because extraordinary circumstances exist. This court declines this invitation because in Ohio habeas corpus is not the proper remedy for declaring statutes or ordinances unconstitutional. Such important questions should be decided on full records through the usual channels of trial and appeal.
Finally, the respondent argues that the habeas corpus petition is fatally defective because it is not verified as required by R.C. 2725.04 and not supported with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a).State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
In response Ms. Tomajko's counsel argues that these requirements are invalid because they conflict with Civil Rule 11, which provides in pertinent part: "Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document * * * and * * * there is good grounds to support it." It is also well established that courts may adopt local rules of practice that promote the use of any device or procedure to facilitate the expeditious disposition of cases so long as the local rules are not inconsistent with rules promulgated by the Supreme Court of Ohio. The Constitution of Ohio, Art. IV, Section 5 and Sup.R. 5(A). Thus, Ms. Tomajko's counsel argues that under Civil Rule 11, his signature constitutes sufficient verification.
However, Civil Rule 1(C) provides in pertinent part that "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings." Because habeas corpus is a special statutory proceeding, Civil Rule 11 does not apply and does not nullify the statutory requirement that the complaint must be verified. Because Civil Rule 11 does not apply, this court, therefore, has properly exercised its power to promulgate a local rule, requiring supporting affidavits to provide the court with a firm factual basis, to facilitate the expeditious disposition of the extraordinary writs.
Accordingly, the court grants the motion to dismiss. Costs assessed against the petitioner.
 ____________________ TIMOTHY E. McMONAGLE JUDGE
O'DONNELL, P.J. and PORTER, J., CONCUR.