OPINION
{¶ 1} This action in habeas corpus is presently before this court for consideration of the motion to dismiss of Warden Julius C. Wilson, respondent. As the primary basis for his motion, Warden Wilson asserts that the habeas corpus petition does not state a viable claim for relief because the allegations of petitioner, Ed Davis, support the conclusion that his present incarceration at the Trumbull Correctional Institution is proper. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} Warden Wilson's custody over petitioner is predicated on a 1996 criminal action in which the Mahoning County Court of Common Pleas accepted petitioner's guilty plea to one count of felonious assault and sentenced him to a basic term of twelve to fifteen years. In now seeking his immediate release from custody, petitioner contends that the foregoing conviction should be declared void because the Mahoning County court failed to bring him to trial in a timely manner. Specifically, petitioner asserts that, because the Mahoning County proceedings were initiated immediately after his extradition from the state of Nevada, the trial court was obligated under R.C. 2963.30 to commence his trial within one hundred twenty days.
 {¶ 3} In support of his basic legal argument, petitioner has made the following factual allegations in his petition: (1) in December 1993, a city police department in Mahoning County issued a warrant for petitioner's arrest on the grounds that he had been charged with felonious assault; (2) in June 1996, petitioner was arrested in the state of Nevada on a separate warrant issued by the Ohio Adult Parole Authority; (3) at the time of his arrest, petitioner was informed of the Mahoning County warrant; (4) after the authorities had returned petitioner to an Ohio prison, he was then taken before a municipal court in Mahoning County on the felonious assault charge; (5) once the matter had been bound over to the Mahoning County Grand Jury, petitioner was indicted for felonious assault and arraigned before the trial court in September 1996; (6) as a result of the granting of numerous continuances, petitioner's conviction was not rendered until April 1998; and (7) none of the continuances were granted in open court while petitioner was present.
 {¶ 4} In asserting that the delay between his return to this state and his conviction for felonious assault violate his right to a speedy trial, petitioner does not rely on the basic time limits for a criminal trial delineated in R.C. 2945.71 et seq. Instead, he refers to the Interstate Agreement on Detainers ("IAD"), as codified in R.C. 2963.30. The IAD is a compact into which various states have entered for the primary purpose of encouraging the transfer of prisoners between the states so that the prisoners can stand trial on any pending charges. The IAD essentially sets forth two separate procedures for initiating the transfer process. For example, under Article III of the compact, a prisoner has the right to file a written request that he be brought to trial on the pending indictment within one hundred eighty days.
 {¶ 5} In the instant case, petitioner maintains that Article IV of the IAD was applicable. Subsection (a) of Article IV states that, if a prisoner is serving a term of imprisonment in the "sending" state, and an appropriate officer from the "receiving" state has previously lodged a detainer against the prisoner, then the officer can file a written request that the "receiving" state be given temporary custody of the prisoner so that a trial can be held on the pending indictment. Subsection (c) of Article IV then states that, if the governor of the "sending" state does not reject the request for custody, the prisoner's trial must begin within one hundred twenty days following the transfer of custody, unless a proper continuance of the matter is granted in "open court."
 {¶ 6} In attempting to apply the provisions of Article IV to the underlying criminal case, petitoner maintains that the one hundred twenty-day time limit was violated because a proper continuance was never granted. In his motion to dismiss petitioner's claim, Warden Wilson does not contest petitioner's assertion concerning the propriety of the continuances granted by the trial court. Instead, Warden Wilson simply argues that, pursuant to petitioner's own factual allegations, the speedy trial time limit under Article IV of the IAD was not applicable. Specifically, he argues that the trial court was not bound to follow the one hundred twenty-day limit because petitioner was not incarcerated in a Nevada state prison at the time the two Ohio warrants were enforced.
 {¶ 7} The wording of subsection (a) readily supports Warden Wilson' argument. The first sentence of that subsection expressly provides that an officer of the receiving state can request temporary custody of "a prisoner against whom [the officer] has lodged a detainer and who is serving a term of imprisonment in any party state ***." The quoted language indicates that the provisions of Article IV were not intended to be applicable to individuals who are arrested and detained in one state as a result of a warrant issued in a second state. Instead, the provisions of Article IV can be invoked only by individuals who: (1) has been convicted of a separate offense in the first state; (2) is presently serving a term of incarceration in that first state; and (3) is the subject of a detainer lodged by an officer from the second state.
 {¶ 8} As to the limited application of the IAD, this court would further note that Article I expressly states that the general purpose of the entire compact is to alleviate the delays in the implementation of prisoner rehabilitation programs caused by trials on pending charges in other states. Obviously, an individual who is being held for a short period by a local police department would not be the subject of any rehabilitative programs. Thus, the general purpose of the IAD clearly does not support an expansive interpretation of the applicability of Article IV.
 {¶ 9} In the instant action, petitioner has not alleged in his habeas corpus petition that he was serving a term of imprisonment in Nevada when he was informed of the pending felonious assault charge in Ohio. Instead, according to petitioner, he was told about the warrant on the pending charge immediately after he had been arrested on the warrant issued the Ohio Adult Parole Authority. Therefore, even when petitioner's allegations are construed in a manner most favorable to him, they are legally insufficient to show that the provisions of Article IV of the IAD, as codified in R.C. 2963.30, were applicable to him in the underlying criminal case. Simply stated, Article IV cannot be invoked by a fugitive who is detained because of a pending arrest warrant from another state.
 {¶ 10} In light of the foregoing analysis, it follows that one hundred twenty-day time limit of Article IV was not binding on the trial court in the criminal case. In turn, this means that petitioner's statutory right to a speedy trial would have been governed solely by the provisions of R.C. 2945.71 et seq. However, in considering the merits of prior petitions in habeas corpus, the Supreme Court of Ohio has generally held that an alleged violation of R.C. 2945.71 cannot form the basis of a habeas corpus claim because the prisoner has an adequate legal remedy through a direct appeal from the conviction. See In re Jackson (1988),36 Ohio St.3d 189; State ex rel. Brantley v. Anderson (1997),77 Ohio St.3d 446. Thus, no aspect of the speedy trial issue raised by the facts in the underlying case can be litigated in the context of a habeas corpus action.
 {¶ 11} As a separate grounds for his habeas corpus claim, petitioner asserts that he is entitled to be released immediately because, since his appellate counsel failed to raise the "one hundred twenty day" issue in his direct appeal from the Mahoning County conviction, he was denied his right to effective appellate assistance. In regard to this assertion, we would again note that, in considering similar assertions in habeas corpus actions, the Supreme Court has indicated that such an assertion fails to state a viable claim for relief because the prisoner has an adequate legal remedy through an appeal of the denial of an application to reopen under App.R. 26(B). See Richardv. Hills (1991), 62 Ohio St.3d 155. Accordingly, petitioner's entire habeas corpus petition is subject to dismissal under Civ.R. 12(B)(6).
 {¶ 12} Finally, our review of the habeas corpus petition shows that, in addition to Warden Wilson, petitioner also named Paul Gains, Mahoning County Prosecutor, as a respondent in the instant action. In response to the petition, Prosecutor Gains has filed a separate motion to dismiss, arguing that the action cannot go forward as to him because he is an improper party to a habeas corpus proceeding.
 {¶ 13} Prior case law of this court supports Prosecutor Gains' argument. In Rivera v. State (July 28, 2000), 11th Dist. No. 2000-L-106, 2000 Ohio App. LEXIS 3402, we held that the only proper respondent in a habeas corpus action is the person who has legal custody of the prisoner; to wit: the jailer or warden who is the administrator of the facility at which the prisoner is now held. Therefore, even if the petition in this case had stated a viable claim for a writ, only Warden Wilson would be a proper party against whom the writ could issue.
 {¶ 14} Pursuant to the foregoing separate analyses as to each respondent, this court ultimately concludes that the dismissal of the entire habeas corpus petition is warranted in the instant case. Thus, the separate motions to dismiss of Warden Julius C. Wilson and Prosecutor Paul Gains are granted. It is the order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
DONALD R. FORD, P.J., JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ. concur.