JOURNAL ENTRY AND OPINION
{¶ 1} On January 5, 2004, the relator, Paul Henderson, commenced this habeas corpus action against the respondent, Judge Deborah LeBarron of the Euclid Municipal Court, to compel his immediate release from custody, because his rights to a speedy trial had been violated. The respondent judge filed a motion to dismiss, and Henderson moved for summary judgment. For the following reasons, this court grants the respondent's motion to dismiss and denies Henderson's motion for summary judgment.
 {¶ 2} Henderson was charged with possession of drugs in Cuyahoga County Common Pleas Court Case No. CR-415587. On June 26, 2003, he was arrested in Euclid for theft, a fifth degree felony, and he gave police a false name. In July, the grand jury indicted him on the theft charge, Cuyahoga County Common Pleas Court Case No. CR-440829, and Euclid charged him with falsification, a misdemeanor, Euclid Municipal Court Case No. 03CRB830. By mid-month, he had been transferred to the Cuyahoga County Jail. In November, the common pleas court sentenced him to six months on the drug charge, but remanded him to the county jail pending the outcome of the theft case.
 {¶ 3} On December 8, 2003, Henderson filed a notice of availability for trial in Euclid Municipal Court pursuant to R.C.2941.401, but the court ruled that the notice failed to comply with the statute, and declared it moot. Henderson then filed a "Motion to Dismiss ALL Charges for Lack of Speedy Trial." He alleged that the Euclid Municipal Court had neither ruled on the motion nor brought him to trial. This habeas corpus action followed.
 {¶ 4} R.C. 2941.401 provides that if a person is imprisoned in Ohio and there is an outstanding charge against that person, then upon proper notification to the subject court and prosecutor regarding his place of imprisonment and a request for disposition of the pending charge, that person shall be brought to trial within 180 days, or the court loses jurisdiction over the pending charge and must dismiss the action with prejudice. The notification shall be accompanied by a certificate from the warden or superintendent having custody of the prisoner with certain information, such as the term of commitment and the time served.
 {¶ 5} Moreover, if the accused is found guilty of another charge while awaiting trial on the subject charge, R.C. 2945.71, the usual speedy trial act, ceases to apply, and the time within which the accused must be brought to trial is governed by R.C.2941.401. State v. Chapman, Cuyahoga App. No. 73609, 2002-Ohio-5558, reopening disallowed, 2003-Ohio-4163; State v.Kuhn (June 10, 1998), Ross App. No. 97 CA 2307; State v. Fox
(Oct. 22, 1992), Cuyahoga App. No. 63100, and State v. Himes
(Dec. 12, 1988), Clermont App. No. CA88-01-007.
 {¶ 6} In the instant case, because Henderson is imprisoned on the drug charge, R.C. 2941.401 controls. Even assuming arguendo, that his December 8, 2003 request for trial was valid and proper, this habeas action is premature. Under the terms of the statute, the trial court would not lose jurisdiction until 180 days from December 8, 2003. Furthermore, in State ex rel. Bowling v. Courtof Common Pleas (1970), 24 Ohio St.2d 158, 265 N.E.2d 296, the Ohio Supreme Court ruled that the proper remedy to enforce R.C.2941.401 is a motion to dismiss in the trial court, and if necessary, an appeal would be available. Such an adequate remedy at law precludes habeas relief.
 {¶ 7} Furthermore, habeas corpus is not "the proper remedy to challenge alleged violations of the right to a speedy trial." Inre Jackson (1988), 36 Ohio St.3d 189, 190, 522 N.E.2d 540; Inre Singer (1976), 54 Ohio St.2d 130, 341 N.E.2d 849; Washingtonv. Tyson-Parker, 101 Ohio St.3d 131, 2004-Ohio-298; Ex parteKessler (Aug. 2, 1985), Miami App. No. 85CA33; and Hargro v.Berkemer (Aug. 1, 1978), Franklin App. No. 78AP-457.
 {¶ 8} Additionally, Henderson failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, and Stateex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. Henderson has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator in any state or federal court within the previous five years. His failure to comply with these requirements warrants dismissal of this habeas corpus action.State ex rel. Zanders v. Ohio Parole Board, 82 Ohio St.3d 421,1998-Ohio-218, 696 N.E.2d 594 and State ex rel. Alford v.Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 9} Accordingly, the court grants the respondent's motion to dismiss and dismisses the writ. Costs assessed against Henderson. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Frank D. Celebrezze, JR., P.J., and Diane Karpinski, J., concur.