ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} The petitioner, Joseph McGrath, commenced what he styled as a habeas corpus action against the respondents: Parma Municipal Court Judge Timothy Gilligan, Sally Porter, a probation officer of the Parma Municipal Court, and Ohio Attorney General Jim Petro. McGrath seeks to have his convictions in the Parma Municipal Court for hit/skip — leaving the scene of an accident under R.C. 4549.02 and for failure to control under City of Brooklyn Ordinance 331.34(A) vacated because the trial court lacked subject matter jurisdiction. Generally, he argues that the criminal statutes are unconstitutional because the statutes as printed in the Ohio Revised Code fail to comply with Article II, Section 15 of the Ohio Constitution, and because the trial court did not have jurisdiction over him based on Article I, Section 10 of the Ohio Constitution and the Uniform Commercial Code. Ohio Attorney General Jim Petro and the Parma Municipal Court respondents have filed motions to dismiss, and McGrath has filed various briefs and motions to support his position. For the following reasons this court grants the respondents' dispositive motions and dismisses this application for a writ of habeas corpus.
 {¶ 2} McGrath's first argument is that Article II, Section 15(B) of the Ohio Constitution requires: "The style of the laws of this state shall be, `be it enacted by the general assembly of the state of Ohio.'" This style must appear on the face of the law, or the law is invalid. McGrath argues that because the laws as published in the Ohio Revised Code do not include the required phrase, the laws are null and void. Without a valid law to support the charges, the Parma Municipal Court had no jurisdiction to try him on those charges, and his convictions are also null and void. Thus, he urges, habeas corpus lies to vacate the convictions.
 {¶ 3} Similarly, Article II, Section 15(D) of the Ohio Constitution provides: "No bill shall contain more than one subject, which shall be clearly expressed in its title." McGrath asserts that the laws listed in the complaints against him as cited from the Ohio Revised Code contained no titles. Without the required titles, the laws are invalid, divesting the Parma Municipal Court of jurisdiction, and his convictions must be null and void.
 {¶ 4} However, this complaint is meritless, because it is not an authentic habeas corpus claim; rather, it seeks a declaratory judgment that certain statutes are unconstitutional. In State ex rel. McGrath v.Ohio Adult Parole Authority, 100 Ohio St.3d 72, 2003-Ohio-5062,796 N.E.2d 526, the Supreme Court of Ohio ruled that when the true objective of a special writ action is a declaratory judgment, then the complaint does not state a cause of action and must be dismissed for want of jurisdiction. The court of appeals does not have original jurisdiction over declaratory judgment actions. Similarly, in State ex rel. Grendellv. Davidson, 86 Ohio St.3d 629, 1999-Ohio-130, 716 N.E.2d 704, the relators sought to have a legislative enactment declared unconstitutional because, inter alia, it violated Article II, Section 15(D) of the Ohio Constitution; the court dismissed the mandamus action because the real object sought was a declaratory judgment and a prohibitory injunction. See, also, State ex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298,2003-Ohio-861, 784 N.E.2d 99; State ex rel. Hogan v. Ghee,85 Ohio St.3d 150, 1999-Ohio-445, 707 N.E.2d 494; State ex rel. Neer v.Industrial Commission of Ohio (1978), 53 Ohio St.2d 22, 371 N.E.2d 842 — Relator was actually seeking a declaratory judgment, because the court would have no basis for issuing the mandamus unless it determined that the subject statute was unconstitutional; and State ex rel. MinisterialDay Care Association v. Zelman, Cuyahoga App. No. 82128, 2003-Ohio-2653, — "An action filed and couched in the form of a mandamus does not state a cause of action in mandamus when the substance of the allegations clearly demonstrates an action for declaratory judgment."
 {¶ 5} Alternatively, declaratory judgment is an adequate remedy at law which precludes relief in habeas corpus. In State ex rel. Linndale v.Teske (1995), 74 Ohio St.3d 1415, 655 N.E.2d 736, the Supreme Court of Ohio sua sponte dismissed a writ, which challenged a newly enacted statute as violative of the Uniformity Clause of the Ohio Constitution, because an action for declaratory judgment was an adequate remedy at law. See, also, State ex rel. Eliza Jennings, Inc. v. Noble (1990),49 Ohio St.3d 71, 551 N.E.2d 12; State ex rel. Yonkings v. OhioDepartment of Rehabilitation and Correction (1994), 69 Ohio St.3d 70,630 N.E.2d 365; In re Coleman 95 Ohio St.3d 284, 284, 2002-Ohio-1804,767 N.E.2d 677, — "Habeas corpus, like other extraordinary writ actions, is not available when there is an adequate remedy at law." Gaskins v.Shipley (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194. See, also, Stateex rel. Fryerson v. Tate, 84 Ohio St.3d 481, 1999-Ohio-465, 705 N.E.2d 353; and State ex rel. Tucker v. Rogers, 66 Ohio St.3d 36, 1993-Ohio-63,607 N.E.2d 461.
 {¶ 6} Additionally, habeas corpus is not the proper tool to challenge the constitutionality of a statute. In Rodgers v. Kapots,67 Ohio St.3d 435, 436, 1993-Ohio-65, 619 N.E.2d 685, the Supreme Court of Ohio ruled: "Petitioner does not question the jurisdiction of the trial court; he questions the constitutionality of R.C. 2967.13 (parole eligibility) as applied to him. Testing this constitutional issue is not the function of the state writ of habeas corpus * * *. Petitioner must elect some other cause of action." Similarly, in Yutze v. Copelan
(1923), 109 Ohio St. 171, 142 N.E. 33, the syllabus, the court held: "A writ of habeas corpus will not lie, to test the constitutionality of a statute or ordinance, in favor of one who has been convicted, where the criminal court wherein the conviction was obtained had jurisdiction or power to determine the question of constitutionality. In such case the writ cannot be made a substitute for proceedings in error." See, also,State ex rel. Tomajko v. Warden Cleveland House of Corrections (Apr. 3, 2000), Cuyahoga App. No. 77580.
 {¶ 7} Moreover, McGrath's argument that the failure to include the "Be it enacted * * *" clause with the statutes in the Ohio Revised Code is ill-founded. An examination of the Laws of Ohio, Volume 130, page 1639, for the enactment of R.C. 4549.02, establishes that the General Assembly included the necessary language, "Be it enacted by the General Assembly of the State of Ohio."
 {¶ 8} He relies upon such authority as Commonwealth v. IllinoisCentral Railroad Company (1914), 160 Ky. 745, 170 S.W. 171, and Sjobergv. Security Saving Loan Association (1898), 73 Minn. 203, 75 N.W. 1116, for the proposition that the enactment clause establishes the validity of the law and thus must be shown on all printed copies of the law, or the law is invalid. However, the courts of Minnesota and Kentucky have considered the argument and rejected it. Ledden v. State of Minnesota686 N.W.2d 873, 2004 Minn. App. LEXIS 1109, and Taylor v. State ofMinnesota 2004 Minn. App. LEXIS 1166.[1] The observations of the Court of Appeals of Kentucky are particularly informative: "Under these circumstances, to hold void, for the reason suggested [a defective enactment clause], an otherwise valid legislative enactment, would be sacrificing substance for mere technical form, and giving to mandatory constitutional directions a narrow, if not an absurd, meaning and effect. No court of last resort has held more consistently and firmly than our court to the doctrine of mandatory construction of constitutional provisions, but we have consistently refused to overthrow legislative enactments for frivolous and purely technical reasons."Louisville Trust Company v. Morgan (1918), 180 Ky. 609, 617, 203 S.W. 555.
 {¶ 9} The court also notes that McGrath was convicted under City of Brooklyn Ordinance 331.34(A), Failure to Control, and that he makes no attempt to extend his arguments to the Brooklyn ordinance. Rather, he assumes that Section 331.34(A) is also a provision of the Ohio Revised Code.
 {¶ 10} McGrath's other argument is also meritless. He submits that Ohio courts only have jurisdiction under the Uniform Commercial Code, because since Erie Railroad v. Tomkins (1938), 304 U.S. 64, 82 L.Ed. 1188,58 S.Ct. 817, all courts have been operating under merchant law, or under Article I, Section 10 of the Ohio Constitution, which provides jurisdiction only under maritime law, equity or common law. Thus, he concludes that in order to have jurisdiction over him the court must show an injured party or a contract to which he is a party. He also asserts that because he made a reservation of rights on his driver's license and other forms under UCC 1-207, he is not subject to any contract that he did not enter into knowingly, voluntarily and intelligently. Therefore, the Parma Municipal Court had no jurisdiction over him, and his convictions are void.
 {¶ 11} Again, McGarth is seeking a declaratory judgment that his convictions are void, because they do not come within the parameters of his characterizations of Ohio jurisdiction. Therefore, these arguments do not provide a basis for granting relief in habeas corpus. The court also notes that Article I, Setction 10, of the Ohio Constitution provides for the rights of criminal defendants and does not delineate the jurisdiction of the courts. Thus, his argument is ill-founded.
 {¶ 12} The contentions endeavoring to limit the jurisdiction of the State of Ohio and its courts to the Uniform Commercial Code and maritime law are unorthodox, rogue and ill-founded characterizations of Ohio law. They are unworthy of further analysis.
 {¶ 13} Accordingly, the court grants the respondents' motions to dismiss, and dismisses this application for a writ of habeas corpus. McGrath's claims all sound in declaratory judgment, not habeas corpus, despite his characterizations to the contrary. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Gallagher, P.J., Concurs Calabrese, Jr., J., Concurs.
[1] Taylor also rejected a challenge to the subject criminal statute based on the titling requirement of the Minnesota Constitution.