BOLES, APPELLANT, *v.* KNAB, WARDEN, APPELLEE.

[Cite as *Boles v. Knab,* 130 Ohio St.3d 339, 2011-Ohio-5049.]

*Habeas corpus—Failure to state a viable claim—Adequate remedy at law available—Court of appeals' dismissal of petition affirmed.*

(No. 2011-0808—Submitted September 21, 2011—Decided October 4, 2011.)

APPEAL from the Court of Appeals for Ross County,

No. 11CA3201.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Shawn R. Boles, for a writ of habeas corpus. Boles's speedy-trial and double-jeopardy claims under R.C. 2945.73(D) are not cognizable in habeas corpus. See *Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191, ¶ 7 ("a claimed violation of a right to a speedy trial is not cognizable in habeas corpus"); *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 9 ("res judicata is not an appropriate basis for extraordinary relief"). "An appeal rather than a writ of habeas corpus is the proper remedy to challenge alleged violations of the right to a speedy trial." *In re Petition for Writ of Habeas Corpus for Jackson* (1988), 36 Ohio St.3d 189, 190, 522 N.E.2d 540 (affirming judgment denying writ of habeas corpus based on claimed violation of right to speedy trial under R.C. 2945.71 through 2945.73 and the United States and Ohio Constitutions). Appeal is also the appropriate remedy to raise a claimed violation of double jeopardy. *Smith* at ¶ 9.

{¶ 2} Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it

appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus.  No further inquiry into the legality of his detention was necessary.  And insofar as Boles claims that the court of appeals' judgment that he is appealing from does not constitute a final, appealable order, his claim lacks merit.[1]

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Shawn R. Boles, pro se.

Michael DeWine, Attorney General, and Elizabeth A. Matune, Assistant Attorney General, for appellee.

_____

---

1. We also deny Boles's motion to strike appellee's merit brief.