[Cite as *Fears v. Cooper*, 2014-Ohio-2478.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


WILLIAM FEARS,                          :

    Petitioner-Appellant,              :          CASE NO.   CA2013-12-037

                                       :          O P I N I O N
  - vs -                                            6/9/2014

                                       :

DEBORAH T. COOPER, Warden,              :

    Respondent-Appellee.               :


CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH 20130206


William Fears, #A668-076, London Correctional Institution, P.O. Box 69, London, Ohio 43140, petitioner-appellant, pro se

Michael DeWine, Ohio Attorney General, Thelma T. Price, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for respondent-appellee


**PIPER, J.**

{¶ 1}   Petitioner-appellant, William Fears, appeals a decision of the Madison County Court of Common Pleas, dismissing his petition for a writ of habeas corpus.

{¶ 2}   In 2011, Fears was indicted in Hamilton County for four counts of disrupting public service.  These four counts were prosecuted through Case No. B1104238.  In a separate indictment, also in Hamilton County, the state charged Fears with two counts of

theft and eight counts of telecommunications fraud. These charges were tried through Case No. B1106572.

{¶ 3} Fears pled not guilty, and the matter proceeded to a bench trial. The trial court found Fears guilty of all counts, and sentenced Fears to an aggregate sentence of four and a half years in prison on Case No. B1106572. The record does not contain sentencing information for Case No. B1104238. Fears was transferred to the London Correctional Institution where respondent-appellee, Deborah Cooper, is the warden.

{¶ 4} In 2013, Fears filed a petition for a writ of habeas corpus in the Madison County Court of Common Pleas, alleging that the indictments issued against him were defective and that his convictions were void because the statutes under which he was convicted are unconstitutional. Respondent moved to dismiss Fears' petition, arguing that (1) Fears failed to satisfy the requirements of R.C. 2725.04(D) in filing his complaint, (2) Fears could not challenge the validity or sufficiency of his indictment via a state habeas corpus action, and (3) Fears could not challenge the constitutionality of a statute via a state habeas corpus action. The trial court accepted each of Respondent's arguments and dismissed Fears' petition. Fears now appeals the trial court's dismissal of his petition, raising the following assignments of error, which we will address together for ease of discussion.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE PETITIONER'S COMPLAINT WITHOUT ANY FINDINGS OF FACTS AND CONCLUSION OF LAW, WHERE THE COURT ERROR TO AFFORD THE PETITIONER AN OPPORTUNITY TO DEMONSTRATE THAT THE STATE OF OHIO PRISON/SENTENCING COMMITMENT ORDER OF THE PETITIONER IS ACCEPTABLE IN ABSENT OF THE SENTENCING COURT'S JUDGMENT ENTRY. [SIC]

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT FAILED TO FOLLOW OHIO STATUTE 163.08 OF THE OHIO REVISED CODE. THE COURT ALSO FAILED TO CONSIDER ANY OF THE PETITIONER'S PLEADING, ACCORDING TO LAW, AND ALSO FAILED TO RULE ON THE PETITIONER'S PLEADING, WHICH CAUSE ACTUAL SUBSTANTIAL PREJUDICE TO THE PETITIONER. [SIC]

{¶ 9} Fears argues in his assignments of error that the trial court erred in dismissing his petition for a writ of habeas corpus.

{¶ 10} Apart from Fears' arguments regarding the merits of his writ, the record demonstrates that Fears failed to abide by the filing requirements set forth by the Ohio legislature specific to an inmate filing a petition for a writ of habeas corpus.

{¶ 11} According to R.C. 2725.04(D), "a copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." In applying the foregoing provision, the Ohio Supreme Court has held that the failure to attach a prisoner's commitment papers to his habeas corpus petition is a fatal defect that warrants the dismissal of the petition. *Hawkins v. Southern Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893; *State ex rel. Wynn v. McFaul*, 81 Ohio St.3d 193 (1998). The rationale for holding such is that, unless the commitment papers are attached to the petition, a full understanding of the nature of the claim for relief is not possible. *Boyd v. Money*, 82 Ohio St.3d 388 (1998). The Supreme Court has further held that attachment of the commitment papers to a subsequent pleading is insufficient to cure this particular defect. *State ex rel. Bray v. Brigano*, 93 Ohio St.3d 458 (2001); *Cornell v. Schotten*, 69 Ohio St.3d 466 (1994).

{¶ 12} The record demonstrates that Fears attached a copy of his commitment papers for case number B1106572, but did not attach a sentencing entry for case B1104238 to his

petition. Therefore, he has failed to provide the court a way to accurately determine the length of his sentence, as well as when those sentences began.

{¶ 13} Fears did not argue that attaching a copy of his second commitment papers would interfere with the remedy, nor did he offer any explanation to the trial court why his petition was not properly supported. Having found that Fears failed to attach all of his commitment papers to the petition he filed, the petition was fatally defective and properly dismissed.

{¶ 14} Even if Fears had properly filed his commitment papers for Case No. B1104238, his petition was properly denied. As previously stated, Fears argued that his petition should have been granted because the indictments against him were defective and because the statutes under which he was convicted were unconstitutional. However, a writ of habeas corpus is an improper method for raising either of these challenges.

{¶ 15} "A writ of habeas corpus is an extraordinary remedy available where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Jordan v. Johnson*, 12th Dist. Madison No. CA2013-03-007, 2013-Ohio-3679, ¶ 12. "Habeas corpus is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison." *Id.*, citing *Larsen v. State*, 92 Ohio St.3d 69 (2001).

{¶ 16} The Ohio Supreme Court has specifically held that "habeas corpus is not available to challenge either the validity * * * or the sufficiency of an indictment" because an adequate remedy exists by direct appeal to raise these contentions. *Luna v. Russell*, 70 Ohio St.3d 561, 562 (1994); *McGee v. Sheldon*, 132 Ohio St.3d 89, 2012-Ohio-2217. Therefore, the trial court properly denied Fears' petition because such was not the proper method for challenging the sufficiency of his indictment.

{¶ 17} Similarly, in regard to Fears' constitutional challenge, the Ohio Supreme Court has explained that state habeas corpus actions are different than federal ones by virtue of

Ohio's controlling statute on habeas corpus petitions. *Rodgers v. Capots*, 67 Ohio St.3d 435, 436 (1993). R.C. 2725.05 provides,

> If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order.

{¶ 18} Based on the limited nature of Ohio's habeas corpus statute, the Ohio Supreme Court concluded that habeas corpus is "not the proper remedy to address every concern a prisoner has about his legal rights or status." *Rodgers*, 67 Ohio St.3d at 436. The court further found that testing a constitutional issue "is not the function of the state writ of habeas corpus." *Id*. Again, and similar to a defendant's ability to challenge an indictment, the court noted that the defendant "must elect some other cause of action" to challenge the constitutionality of a statute. *Id*. *See also State ex rel. McGrath v. Gilligan*, 8th Dist. Cuyahoga No. 83884, 2005-Ohio-619 (denying petition for writ of habeas corpus where petition's challenge was to the constitutionality of a statute).

{¶ 19} Fears' petition for a writ of habeas corpus was properly denied and dismissed by the trial court. Even if the petition had been properly filed, it would have been dismissed because a petition for a state-issued writ of habeas corpus is not the proper method for challenging either an indictment or the constitutionality of a statute. As such, Fears' assignments of error are overruled.

{¶ 20} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.