[Cite as *State ex rel. Davis v. Brown*, 2021-Ohio-2479.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Diante Davis,  :

  Relator,  :

            No. 21AP-6

v.  :

           (REGULAR CALENDAR)

Honorable Judge [Christopher] Brown,  :

  Respondent.  :

D E C I S I O N

Rendered on July 20, 2021

**On brief**: *Diante Davis*, pro se.

**On brief**: *G. Gary Tyack*, Prosecuting Attorney, and *Bryan Lee*, for respondent.

IN MANDAMUS

BROWN, J.

{¶ 1} Relator, Diante Davis, has filed an original action seeking a writ of mandamus ordering respondent, the Honorable Judge Christopher Brown, to issue a ruling on a motion for jail-time credit filed by relator. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss. Specifically, the magistrate determined that the merits of the complaint had been rendered moot because respondent had performed the act which relator sought to compel (i.e., respondent had issued a ruling on relator's motion for jail-time credit). No objections have been filed to that decision.

{¶ 3}  Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant respondent's motion and dismiss this action.

*Action dismissed.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Diante Davis,                        :

             Relator,                        :

v.                                                                      :                        No.  21AP-6

Honorable Judge [Christopher] Brown,    :                        (REGULAR CALENDAR)

             Respondent.                        :

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 17, 2021

---

*Diante Davis,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Bryan Lee,* for respondent.

---

IN MANDAMUS ON
RESPONDENT'S MOTION TO DISMISS

**{¶ 4}**   Relator, Diante Davis, has filed this original action seeking a writ of mandamus ordering respondent, the Honorable Judge Christopher Brown, to issue a ruling on relator's May 20, 2020, motion seeking accurate jail-time credit.

Findings of Fact:

**{¶ 5}**   1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

**{¶ 6}**   2. Relator is a prisoner incarcerated at Noble Correctional Institution.

**{¶ 7}**   3. Relator filed his complaint for writ of mandamus with this court on January 6, 2021.

{¶ 8}    4. The present complaint alleges that on May 20, 2020, respondent filed a motion seeking accurate jail-time credit in Franklin C.P. No. 16CR-5125, which was pending before respondent, but respondent failed to issue a ruling on such motion.

{¶ 9}    5. On June 7, 2020, respondent filed a journal entry denying relator's May 20, 2020, motion seeking accurate jail-time credit in case No. 16CR-5125.

{¶ 10}  6. On February 1, 2021, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator has no right to the requested relief because respondent has already ruled on relator's May 20, 2020, motion seeking accurate jail-time credit.

Conclusions of Law:

{¶ 11}  For the reasons that follow, it is this magistrate's decision that this court grant respondent's motion to dismiss relator's complaint.

{¶ 12}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 13}  "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12. This same standard applies in cases involving claims for extraordinary relief. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, ¶ 2.

{¶ 14}  The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters,

including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 15} "[M]andamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 5. However, an action in mandamus will not compel the performance of a duty that has already been performed. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

{¶ 16} The Supreme Court of Ohio has held that the availability of an appeal is an adequate remedy at law sufficient to preclude a writ of mandamus. *State ex rel. Davies v. Schroeder*, ____ Ohio St.3d ____, 2020-Ohio-1045, ¶ 10; *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, ¶ 8. The availability of an appeal is an adequate remedy even if the relator fails to pursue the appeal. *Davies* at ¶ 10, citing *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579 (2001), and *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, ¶ 5.

{¶ 17} In the present matter, because respondent has now performed the act that relator sought to compel, i.e., ruling on relator's May 20, 2020, motion seeking accurate jail-time credit, the matter is moot, and mandamus will lie. Furthermore, relator has/had an adequate remedy at law by way of appeal of the trial court's decision denying his motion seeking accurate jail-time credit. Relator's failure to take advantage of his appellate remedy does not entitle him to extraordinary relief to relitigate the matter.

{¶ 18} Accordingly, the magistrate recommends this court grant respondent's motion to dismiss relator's complaint for a writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).