COOK *v.* MAXWELL, WARDEN.

(No. 39233—Decided April 21, 1965.)

Mr. *Edgar Garland Cook*, *in propria persona*.
Mr. *William B. Saxbe*, attorney general, and Mr. *William C. Baird*, for respondent.

*Per Curiam.* In this action, petitioner lists 15 grounds upon which he claims he is entitled to release. Most of petitioner's argument at the hearing, as in a prior habeas corpus proceeding (*Cook* v. *Maxwell, Warden*, 177 Ohio St. 18), was directed to the point that he is innocent. Guilt or innocence of an accused is not a question cognizable in habeas corpus. *Spence* v. *Sacks, Warden*, 173 Ohio St. 419.

Petitioner claims that certain witnesses perjured themselves, and that the police should have known of this perjury. There is no evidence that witnesses perjured themselves.

Petitioner alleges that he was held incommunicado for several days after his arrest. He makes no contention that he made any statements during this alleged detention which were used against him. A mere illegal detention prior to the preliminary hearing does not entitle an accused to release after conviction. *Churchill* v. *Haskins, Supt.*, 176 Ohio St. 183.

Petitioner contends also that venue was not proved, that the trial judge threatened him with a greater sentence if he filed a motion for a new trial, that the trial judge had a personal animosity toward petitioner, that he was not accorded the presumption of innocence, that there was a departure between the evidence and the indictment, and that his counsel was incompetent. These are all issues which must be raised by ap-

peal. They are not questions cognizable in habeas corpus.

Finally, petitioner attacks the return filed by respondent, on the basis that the dates in the copies of the indictments set forth therein did not correspond with the dates on the indictments upon which he was actually tried. Petitioner did not attack the validity of the actual indictments. The error of which petitioner complains has no effect on the validity of his incarceration.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.