[Cite as *State v. Thomas*, 2011-Ohio-4441.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2010CA336 |
| BARRY THOMAS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas Case No. 2010CR1308

JUDGMENT:                               AFFIRMED

DATE OF JUDGMENT ENTRY:       August 29, 2011

APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

JOHN D. FERRERO 0018590           DEREK J. LOWRY 0069725
Stark County Prosecutor               116 Cleveland Ave. N.W., Ste. 800
110 Central Plaza, South, Ste. 510     Canton, Ohio 44702
Canton, Ohio 44702

RENEE M. WATSON 0072906
Assistant Prosecuting Attorney
(Counsel of Record)
*Delaney, J.*

{¶1}     Defendant-Appellant Barry Thomas appeals the judgment of the Stark

County Court of Common Pleas, convicting him of one count of felonious assault, a

violation of R.C. 2903.11, a felony of the second degree. The State of Ohio is Plaintiff-Appellee.

{¶2} On August 22, 2010, Tonia Ramsey visited Appellant's home to have dinner at his request. Ramsey lived in a group home in Stark County because she suffers from multiple psychological illnesses, including bipolar disorder, depression, borderline personality disorder, and post-traumatic stress disorder. Ms. Ramsey is also a recovering alcoholic, but at the time of the incident, she was still drinking.

{¶3} Ramsey stated that she became friends with Appellant earlier in August and that she wanted to be friends, but that Appellant was trying to pursue a romantic relationship with her.

{¶4} On the evening of August 22, Appellant met Ramsey at her residence and walked her to his house, which was not far away from the group home. They arrived at his home at approximately 10:00 p.m. Appellant lived with his mother, Delores Townsend, and his daughter, who were both present when the two arrived.

{¶5} Appellant and Ramsey ate dinner with Townsend and Appellant's daughter. After dinner, the two went to the back porch to drink beer and talk. Townsend and Appellant's daughter both went to bed.

{¶6} Ramsey and Appellant began arguing while sitting on the porch and Ramsey got up to leave after the exchange became heated and they began calling each other names. She stated that when Appellant told her that she was a "bad mom" was when she decided to leave.

{¶7} At approximately 3:00 a.m., Townsend woke up to go to the bathroom and she heard Appellant and Ramsey arguing outside. She walked outside to find Appellant

and Ramsey on the ground, engaged in a physical struggle. Ramsey stated that as she had turned to walk away, Appellant tackled her to the ground and had begun kicking and hitting her.

{¶8} Townsend yelled at the two to stop fighting and they did. Ramsey got up and stated that she was going to call 911 for assistance. She dialed the number and before she could relay all of the information to the operator, Appellant smacked the phone out of her hand. Ramsey stated that it was at this point that Appellant hit her in the eye, causing her vision to blur immediately.

{¶9} Ramsey had a second cell phone in her pocket, so she removed it to call 911 again. Appellant then walked Ramsey back to her home after he suggested that they leave the scene before the police arrived. Therefore, Ramsey did not receive medical treatment at that time.

{¶10} When she arrived back at her residence, Ramsey told her roommate of the struggle with Appellant and had her roommate look at her eye. Ramsey stated that she did not think the injury was that bad, so she went to sleep and planned to "forget the whole incident." When Ramsey woke up the next day, however, her eye was swollen shut. She was transported to Mercy Medical Center, where she was diagnosed with a closed head injury and an orbital blowout fracture. She was referred to a plastic surgeon who repaired the damage to her eye. Three months after the event, however, Ramsey reported that she still had difficulty seeing out of her injured eye.

{¶11} Appellant ultimately agreed to be interviewed by Canton Police detective, Victor George, on August 25, 2010. Detective George took pictures of Appellant's hands, which did not appear to have sustained any injuries.

{¶12} On September 27, 2010, the Stark County Grand Jury indicted Appellant on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11. Appellant exercised his right to a jury trial and was found guilty as charged on November 15, 2010. The jury deliberated for 25 minutes. The trial court sentenced Appellant to five years in prison. It is from that judgment that Appellant now appeals.

{¶13} Appellant raises one Assignment of Error:

{¶14} "I. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

I.

{¶15} In his sole assignment of error, Appellant claims that the evidence was insufficient to support a finding of guilty and that his conviction was against the manifest weight of the evidence. We disagree.

{¶16} When reviewing a claim of sufficiency of the evidence, an appellate court's role is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Contrary to a manifest weight argument, a sufficiency analysis raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶17} Conversely, when analyzing a manifest weight claim, this court sits as a "thirteenth juror" and in reviewing the entire record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 548, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶18} In order to convict Appellant of felonious assault, the State had to prove that Appellant knowingly caused serious physical harm to Ramsey. R.C. 2903.11(A)(1). A person acts "knowingly" when, "regardless of his purpose, * * * he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Serious physical harm includes harm that involves permanent or temporary disfigurement, harm that involves permanent incapacity or temporary substantial incapacity, or physical harm that involves acute pain of such duration as to result in substantial suffering or which involves any degree of prolonged or intractable pain. R.C. 2901.01(5)(c),(d), and (e).

{¶19} When viewing the evidence in the light most favorable to the prosecution, we find that sufficient evidence existed to convict Appellant of felonious assault. Ramsey testified that Appellant hit her in the eye during their altercation when she attempted to call 911 and that her vision immediately blurred when he hit her. On August 23, 2010, when she awoke, her eye was swollen shut and she was transported to the hospital, where she was diagnosed with having a closed head injury and an orbital blowout fracture. She was required to have plastic surgery to fix the eye socket

and stated that three months after the incident, she still had problems seeing out of her injured eye. Accordingly, the State presented sufficient evidence to support Appellant's conviction.

{¶20} Regarding Appellant's argument that his conviction is against the manifest weight of the evidence, he claims that Ramsey's testimony and statements were inconsistent, both internally and with the testimony of Townsend, that her credibility is dubious, and that she simply hurt her eye when she fell to the ground during the initial scuffle.

{¶21} This Court has previously held that "inconsistencies in the testimony of witnesses do not render a conviction against the manifest weight of the evidence. The finder of fact may take note of the inconsistencies and resolve or discount them accordingly. It is equally well settled the issue of credibility is primarily a matter for the trier of fact to determine since the trier of fact is in the best position to judge the credibility of witnesses and the weight to be given the evidence." *State v. Wooten*, 5th Dist. No. 2008CA103, 2009-Ohio-1863, ¶95.

{¶22} The jury was made aware of Ramsey's mental health issues, her substance abuse problem, and still determined that she was credible. The jury was free to reject her version of the events of August 22, 2010 and to accept the version of Appellant's mother. They did not choose to do so and we find no reason to question the trier of fact's judgment on this issue.

{¶23} Accordingly, Appellant's assignment of error is overruled.

{¶24} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Wise, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BARRY THOMAS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010CA336 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE