[Cite as *State ex rel. Samoth-El v. Miller*, 2012-Ohio-5611.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE, ex rel., | ) | |
| YABAR NILE SAMOHT-EL, | ) | CASE NO. 12 BE 23 |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| MICHELE MILLER, WARDEN, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:      Petition Dismissed.

APPEARANCES:

For Petitioner:      Yabar Nile Samoht-El, Pro-se
Inmate #593-538
B.E.C.I.
68518 Bannock Rd., SR 331
P.O. Box 540
St. Clairsville, OH  43950-0540

For Respondent:      Mike DeWine
Ohio Attorney General
Thelma Thomas Price
Associate Asst. Attorney General
Ohio Attorney General's Office
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, OH  43215

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: November 5, 2012

PER CURIAM.

{¶1} Petitioner, Yabar Nile Samoht-El, aka Barry Lynn Thomas, is a prisoner at the Belmont Correctional Institution and has filed a petition for writ of habeas corpus. Petitioner is currently in the custody of Respondent Michelle Miller, warden of the prison. In 2010, under Stark County Court of Common Pleas Case No. 2010CR1308, Petitioner was found guilty of one count of felonious assault, following a jury trial. He was sentenced to five years in prison, and a mandatory three-year term of post-release control. Petitioner appealed, alleging that his conviction was against the manifest weight of the evidence and was not supported by sufficient evidence. On August 29, 2011, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *State v. Thomas*, 5th Dist. No. 2010CA336, 2011-Ohio-4441.

{¶2} Petitioner argues that the Stark County Court of Common Pleas lacked jurisdiction over him and therefore he is being unlawfully incarcerated. He also asserts that his trial counsel was ineffective, that venue was improper, and that his due process rights were violated during pretrial proceedings.

{¶3} Respondent requests that we dismiss the petition because Petitioner has failed to allege any facts demonstrating that the Stark County Court of Common Pleas lacked jurisdiction over him, and that the other alleged claims are not cognizable in habeas corpus. Respondent is correct in her arguments, and the petition is dismissed.

{¶4} R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy." *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994). "Thus, if the defendant *has or had* an adequate remedy in the ordinary course of the law such as an appeal, delayed appeal, petition for post-conviction relief, motion for relief from a civil judgment, or motion to withdraw a guilty plea, then habeas is inappropriate."

(Emphasis sic.)  *Mosley v. Eberlin*, 7th No. 08 BE 7, 2008-Ohio-6593, ¶27.

{¶5}    A very limited exception to this rule exists in cases where the sentencing court patently and unambiguously lacked jurisdiction over the petitioner.  *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126, ¶12-14. " 'In the absence of a *patent and unambiguous lack of jurisdiction*, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." (Emphasis added.)" *Ross* at ¶14, quoting *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶8, quoting *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶18

{¶6}    Thus, if a petitioner is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed.  *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992).  The burden is on the petitioner to establish a right to release.  *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).

{¶7}    Respondent has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim in this matter.  The purpose of such a motion is to test the sufficiency of the complaint.  *State el rel. Boggs v. Springfield Local School Dist. Bd. of Ed.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995).  In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested.  *State ex rel. Pirman*, 69 Ohio St.3d at 593; *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10.  If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court.  *Flora v. State*, 7th Dist. No. 04 BE 51, 2005-Ohio-2383, ¶5.

{¶8}    Turning first to Petitioner's claims of ineffective assistance of counsel and due process violations during the pretrial proceedings, these issues could have been

raised in his direct appeal. Thus, Petitioner had an adequate remedy at law and the writ will not be allowed on those grounds. These claims are not cognizable in habeas corpus. *See, e.g.*, *Johnson v. Bobby*, 103 Ohio St.3d 96, 2004-Ohio-4438, 814 N.E.2d 61, ¶5. The challenge to the Stark County Court's venue is likewise not cognizable in habeas. *Cook v. Maxwell*, 2 Ohio St.2d 107, 108-109, 206 N.E.2d 558 (1965).

**{¶9}** Petitioner's claim that the sentencing court lacked jurisdiction also fails. Petitioner does not provide an intelligible explanation as to why the Stark County Court of Common Pleas lacked jurisdiction over the matter. Further, our review fails to disclose a patent and unambiguous lack of jurisdiction. From the sentencing entry, the Stark County clerk's docket, and the Fifth District's opinion in the direct appeal, it is evident that Petitioner committed the crime in Stark County, that he was indicted by a Stark County grand jury, subsequently tried before a Stark County jury and then sentenced by the Stark County Court of Common Pleas. Accordingly, we deny the writ on this ground also. *See* R.C. 2931.03 (jurisdiction of court of common pleas); *Moss v. State,* 6th Dist. No. L-01-1347, 2001 WL 969159 (Aug. 16, 2001) (denying writ of habeas corpus under similar circumstances).

**{¶10}** For all the aforementioned reasons, we dismiss the petition for habeas corpus.

**{¶11}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

DeGenaro, J., concurs.
Waite, P.J., concurs.
Donofrio, J., concurs.