[Cite as *Jordan v. Johnson*, 2013-Ohio-3679.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

JOSEPH JORDAN,                                    :

     Petitioner-Appellant,                    :

                                   :

   - vs -                                           :

                                     :

ROD JOHNSON, WARDEN,                     :

     Respondent-Appellee.                   :

CASE NO. CA2013-03-007

O P I N I O N
8/26/2013

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH20130019

Joseph Jordan, #A628031, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140-0740, petitioner-appellant, pro se

Maura O'Neill Jaite, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for respondent-appellee

    **M. POWELL, J.**

    {¶ 1}  Petitioner-appellant, Joseph Jordan, appeals pro se from a decision of the Madison County Court of Common Pleas dismissing his petition for a writ of habeas corpus requesting his immediate release from prison. For the reasons outlined below, we affirm.

    {¶ 2}  Jordan is currently incarcerated at the Madison Correctional Institution in Madison County, Ohio. In April 2010, Jordan was sentenced by the Warren County Court of

Common Pleas to serve ten years in prison after pleading guilty to five separate offenses including trafficking in crack cocaine, ecstasy, and methadone, illegally manufacturing drugs, and possessing weapons under disability (the "Warren County Case"). Jordan did not timely appeal his Warren County Case and his motion to file a delayed appeal was denied by this court in November 2011. *State v. Jordan*, 12th Dist. Warren No. CA2011-08-092 (Nov. 9, 2011).

{¶ 3} In November 2010, Jordan was also convicted and sentenced in the Montgomery County Court of Common Pleas for possession of cocaine (the "Montgomery County Case"). For this conviction, Jordan was sentenced to serve two years in prison to be served concurrently to his sentence in the Warren County Case. Thus, as a result of both the Warren County and Montgomery County Cases, Jordan has a maximum release date of March 1, 2020.

{¶ 4} On January 14, 2013, Jordan filed a R.C. Chapter 2725 petition for a writ of habeas corpus, alleging that he was being unlawfully confined. In his petition, Jordan claimed that the Warren County indictment was defective and that the Warren County Court of Common Pleas lacked venue over the Warren County Case, as charges were indicted in that case that did not occur in Warren County. As part of his petition, Jordan attached his commitment papers from his Warren County Case but failed to attach any commitment papers relating to the Montgomery County Case.

{¶ 5} In February 2013, upon motion from respondent-appellee, Rod Johnson, Warden of Madison Correctional Institution (the "Warden"), the trial court dismissed Jordan's petition on the basis that it did not satisfy several procedural requirements.

{¶ 6} Jordan now appeals from that decision, raising two assignments of error:

{¶ 7} Assignment of Error No. 1:

{¶ 8} DID THE TRIAL [COURT] ERROR (SIC) BY DISMISSING JORDAN'S WRIT

- 2 -

OF HABEAS CORPUS WHEN CLEARLY THE WRIT WAS FILED ACCORDING TO THE RULES PROVIDED BY LAW[?]

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF [JORDAN], BY DENYING HIS WRIT OF HABEAS CORPUS, WHEN HE DEMONSTRATED THAT HE WAS ENTITLED IMMEDIATE (SIC) RELEASE FROM CONFINEMENT.

{¶ 11} In his first assignment of error, Jordan argues the trial court erred in dismissing his petition for a writ of habeas corpus on procedural grounds. Specifically, Jordan contends the trial court improperly granted the Warden's Civ.R. 12(B)(6) motion to dismiss based upon "technical flaws" in Jordan's petition.

{¶ 12} "'A writ of habeas corpus is an extraordinary remedy available where there is an unlawful restraint of a person's liberty and no adequate remedy at law.'" *Powers v. Timmerman-Cooper*, 12th Dist. Madison No. CA2013-01-002, 2013-Ohio-2865, ¶ 10, quoting *Maxwell v. Jones*, 12th Dist. Butler No. CA2009-07-179, 2010-Ohio-1633, ¶ 7. "Habeas corpus is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison." *Id.*, citing *Larsen v. State*, 92 Ohio St.3d 69 (2001).

{¶ 13} "The Ohio Supreme Court has addressed the propriety of a Civ.R. 12(B)(6) motion in a habeas action." *Id.* at ¶ 11. "'R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.'" *Id.*, quoting *Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, ¶ 8. "In turn, 'if the court decides that the petition states a facially valid claim, it must allow the writ.'" *Id.*, quoting *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). However, "if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Id.*, quoting *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, ¶ 5.

{¶ 14} In this case, Jordan's petition was dismissed because he (1) failed to attach all

- 3 -

of his relevant commitment papers pursuant to R.C. 2725.04(D), (2) failed to properly verify

his petition pursuant to R.C. 2725.04, (3) failed to attach a prior civil action affidavit pursuant

to R.C. 2969.25(A), (4) failed to pay the requisite filing fees or file a proper fee waiver request

pursuant to R.C. 2969.22 and R.C. 2969.25(C), and (5) failed to properly caption his petition

under Civ.R. 10(A).

{¶ 15} R.C. 2725.04 states the following:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> (A)  That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
>
> (B)  The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
>
> (C)  The place where the prisoner is so imprisoned or restrained, if known;
>
> (D)  A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

*See Rideau v. Russell*, 12th Dist. Warren No. CA2000-07-065, 2001 WL 409429, *1 (Apr. 23,

2001).

{¶ 16} In order to withstand a motion to dismiss, "a petition for writ of habeas corpus

must be signed and verified as required by R.C. 2725.04." *Id.* at *2.  Failure to comply with

this provision "cannot be remedied by a memorandum in opposition to motion to dismiss or a

post-judgment motion." *Id.*, citing *Russell v. Mitchell*, 84 Ohio St.3d 328, 329 (1999); *Boyd v.

Money*, 82 Ohio St.3d 388, 389 (1998).  For purposes of R.C. 2725.04, "verification" means a

"formal declaration made in the presence of an authorized officer, such as a notary public, by

- 4 -

which one swears to the truth of the statements in the document." *Chari v. Vore*, 91 Ohio St.3d at 327, citing Garner, *Black's Law Dictionary* (7 Ed.1999) 1556.

{¶ 17} Jordan's petition for a writ of habeas corpus was not verified in this case. Although, as Jordan points out, his affidavit of indigency was properly notarized, nowhere in Jordan's actual petition does he swear to the truth of the statements in the document. As the petition was not properly verified pursuant to R.C. 2725.04, Jordan's petition was properly dismissed on this ground alone. *See Rideau* at *2. Because we find that Jordan's failure to follow R.C. 2725.04 warranted dismissal of the petition on verification grounds, we need not review the other grounds upon which the trial court based its dismissal. *Id.* at fn. 1, citing *Smith v. Walker*, 83 Ohio St.3d 431, 432-433 (1998). Nevertheless, we additionally find that Jordan failed to comply with R.C. 2969.25(A) by attaching a prior civil action affidavit, failed to comply with R.C. 2969.25(C) by filing an affidavit seeking waiver of the filing fee, and did not properly caption his petition pursuant to Civ.R. 10(A). *See State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422 (1998); *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 133 (2001); *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶ 1.

{¶ 18} Finally, we find that, had Jordan complied with all the requirements of R.C. 2725.04, R.C. 2969.22, R.C. 2969.25, and Civ.R. 10(A) in filing his petition for a writ of habeas corpus, Jordan's claims would have failed. In his second assignment of error, Jordan claims that the Warren County Grand Jury improperly indicted him on charges that allegedly occurred outside of Warren County. Jordan further argues that the Warren County Court of Common Pleas did not have proper venue in this case, as several charges in the indictment allegedly took place outside of Warren County.

{¶ 19} The Ohio Supreme Court has "long held that habeas corpus will not be substituted for appeal or post-conviction relief." *Cornell v. Schotten*, 69 Ohio St.3d 466, 467 (1994), citing *In re Piazza*, 7 Ohio St.2d 102 (1966), and *Bellman v. Jago*, 38 Ohio St.3d 55

(1988). "Habeas corpus is not available to challenge either the validity or the sufficiency of an indictment." *Luna v. Russell*, 70 Ohio St.3d 561, 562, (1994), citing *Hammond v. Dallman*, 63 Ohio St.3d 666 (1992), *State v. Wozniak*, 172 Ohio St. 517, 522-523 (1961), and *Wilson v. Rogers*, 68 Ohio St.3d 130 (1993); *McGee v. Sheldon*, 132 Ohio St.3d 89, 2012-Ohio-2217, ¶ 1. In addition, the Ohio Supreme Court has held that venue is not a question "cognizable in habeas corpus" but is an issue which "must be raised on appeal." *Cook v. Maxwell*, 2 Ohio St.2d 107, 109 (1965); *see also State ex rel. Samoth-El v. Miller*, 7th Dist. Belmont No. 12 BE 23, 2012-Ohio-5611, 2012 WL 6012896, *2 (Nov. 5, 2012).

**{¶ 20}** As Jordan possessed an adequate remedy at law by way of direct appeal to raise his contentions, he was not entitled to the extraordinary relief of habeas corpus. *See Luna* at 562. Accordingly, Jordan's assignments of error are overruled.

**{¶ 21}** Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.