[Cite as *State ex rel. Thomas v. Miller*, 2015-Ohio-4345.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. BARRY L. THOMAS | ) ) ) | CASE NO. 15 BE 28 |
| PETITIONER | ) ) | OPINION AND JUDGMENT ENTRY |
| VS. | ) ) | |
| MICHELE MILLER, WARDEN | ) ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus.

JUDGMENT:     Dismissed.

APPEARANCES:

For Petitioner:

Barry L. Thomas, *Pro se*
#593-538
Belmont Correctional Institution
68518 Bannock Rd.
P.O. Box 540
St. Clairsville, Ohio  43950

For Respondent:

Atty. Atty. Mike DeWine
Attorney General of Ohio
Atty. Paul Kerridge
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  October 15, 2015

PER CURIAM.

{¶1} Petitioner Barry L. Thomas seeks a writ of habeas corpus to be released from custody related to his conviction and sentence in Stark County Court of Common Pleas Case No. 2010CR1308. R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or postconviction relief. *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994). The burden is on the petitioner to establish a right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). Respondent has filed a motion to dismiss the petition. For the following reasons, we sustain Respondent's motion.

{¶2} It is immediately apparent that Petitioner was released from prison on August 18, 2015, rendering this petition moot. In addition, R.C. 2725.01, *et seq.*, governs habeas filings, and failure to satisfy these statutory requirements is generally fatal to the petition. One of the requirements is that the petitioner must file all the commitment papers pertinent to the arguments being raised in the petition. R.C. 2725.04(D). The commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

Petitioner has not filed any commitment papers regarding Stark County Case No. 2010CR1308. Failure to attach copies of the commitment papers as part of the original filing of the petition for habeas corpus requires the dismissal of the petition. *Id.*

{¶3} Similarly, the petition has not been verified as required by R.C. 2725.04 ("Application for the writ of habeas corpus shall be by petition, signed and verified * * *."). In this context, "verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001). Failure to verify the petition warrants immediate dismissal. *Id.* Petitioner has attached a form titled "AFFIDAVIT OF VERITY" that has no particular notations on it relating to this particular habeas action or to Stark County Case No. 2010CR1308. This document is not notarized. There is an unrelated page following the affidavit that was photocopied from a document he labels as a "Truth in Commerce" form that contains a photocopy of a notary stamp, but this has nothing to do with his affidavit.

{¶4} In addition, it is evident that Petitioner has not filed a complete and accurate affidavit of prior civil actions. According to R.C. 2969.25, petitioner was required to file with his petition a list of all other civil actions filed by him within the past five years:

(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the

court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

**{¶5}** Petitioner's affidavit states that no criminal or civil actions have taken place in the past five years. Yet, he filed a habeas action in this Court on June 29, 2012. He also filed actions in the Ohio Supreme Court on June 10, 2010 and July 9, 2010. He filed a notice of appeal in Stark County Case No. 2010CR1308 on December 10, 2010. All of these were within five years of the filing of this habeas action on May 1, 2015. Misstating information on the R.C. 2969.25 civil action affidavit is grounds for dismissing the habeas petition. *State ex rel. Bristow v. Huffman*, 138 Ohio App.3d 500, 2000-Ohio-2659, 741 N.E.2d 630, ¶2.

**{¶6}** Finally, Petitioner's argument regarding the jurisdiction of the trial court over his case is *res judicata* as it was raised in an earlier habeas petition. Petitioner filed a previous petition for writ of habeas corpus with this Court regarding the same underlying trial court case, Case No. 2010CR1308. *State ex rel. Samoth-El v. Miller [aka Barry Lynn Thomas]*, 7th Dist. No. 12 BE 23, 2012-Ohio-5611. Petitioner argued that the Stark County Court of Common Pleas had no jurisdiction over him and had no authority to send him to prison. We disagreed:

> Petitioner's claim that the sentencing court lacked jurisdiction also fails. Petitioner does not provide an intelligible explanation as to why the Stark County Court of Common Pleas lacked jurisdiction over the matter. Further, our review fails to disclose a patent and unambiguous

lack of jurisdiction. From the sentencing entry, the Stark County clerk's docket, and the Fifth District's opinion in the direct appeal, it is evident that Petitioner committed the crime in Stark County, that he was indicted by a Stark County grand jury, subsequently tried before a Stark County jury and then sentenced by the Stark County Court of Common Pleas. Accordingly, we deny the writ on this ground also.

*Id.* at ¶9.

{¶7} Under the doctrine of *res judicata*, a valid final judgment prohibits a party from relitigating issues in a subsequent action or proceeding that were raised or could have been raised in an earlier action or proceeding. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The doctrine of *res judicata* is applicable to successive habeas corpus petitions. *Hudlin v. Alexander*, 63 Ohio St.3d 153, 156, 586 N.E.2d 86 (1992). Petitioner argues that the order of commitment (an order that he did not attach to the petition) was invalid on its face due to "extra territorial acts" of the trial court. We have already ruled that Petitioner committed his crime in Stark County, that the proceedings took place in Stark County, and that he was convicted and sentenced in Stark County by the Court of Common Pleas. His argument appears to be the same one used in the earlier habeas case, and any other nuances to the argument could have been raised in the earlier proceeding. Therefore, the doctrine of *res judicata* bars any further litigation of this matter.

**{¶8}** For all the procedural and substantive reasons already stated, Respondent's motion to dismiss is sustained and the petition for writ of habeas corpus is dismissed.

**{¶9}** Final order. Costs taxed against Petitioner. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

Donofrio, P.J., concurs.

Robb, J., concurs.