[Cite as *Calo v. Eppinger*, 2016-Ohio-4681.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DENNIS CALO, et al.

     Appellants

     v.

LASHANN EPPINGER, et al.

     Appellees

C.A. No.     15CA010854

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     15CV186830

DECISION AND JOURNAL ENTRY

Dated: June 30, 2016

SCHAFER, Judge.

{¶1} Petitioners-Appellants, Dennis Calo and Donald Richard, appeal the judgment of the Lorain County Court of Common Pleas dismissing their petition for a writ of habeas corpus against Respondents-Appellees, LaShann Eppinger, Gary Mohr, and Andre Imbrogno.[1] For the reasons set forth below, we affirm.

I.

{¶2} Petitioners are both state inmates. Calo was convicted in 1983 on two counts of aggravated robbery and two counts of aggravated murder. He is currently serving an indefinite prison term of 15 years-to-life. Richard was convicted in 1987 on one count of murder and one count of having a weapon while under disability, with both of those counts carrying an attendant firearm specification. Richard is currently serving an indefinite prison term of 21 years-to-life.

---

[1] Eppinger is the Warden of Grafton Correctional Institution in Grafton, Ohio, which is where Petitioners are presently confined. Mohr is director of the Ohio Department of Rehabilitation and Correction. Imbrogno is the chairman of the Ohio Parole Board.

{¶3}    Since their respective convictions, Calo and Richard have both filed constant legal challenges with respect to their convictions and confinement.  Most recently, Petitioners filed a joint petition on July 1, 2015, seeking a writ of habeas corpus pursuant to R.C. 2725.01 et seq.  In seeking a writ of habeas corpus, Petitioners argue that they are being "unlawfully restrained of their freedom [liberty]" as a result of Respondents' retroactive application of certain provisions within the Ohio Administrative Code that did not become effective until after they were both already incarcerated.  In addition to their petition for habeas corpus, Petitioners also filed the following motions: (1) a motion for an order directing the Ohio Attorney General to conduct an investigation into the issues raised in their petition; (2) a motion for class certification pursuant to Civ.R. 23 on behalf of themselves and all similarly situated Ohio inmates; and (3) a motion for the appointment of counsel to aid in the putative class action lawsuit.

{¶4}    On August 3, 2015, Respondents filed a Civ.R. 12(B)(6) motion to dismiss and/or summary judgment motion on Petitioners' habeas corpus petition.  Respondents also filed opposition briefs in response to Petitioners' three motions.  Petitioners thereafter filed responses to each of Respondent's opposition briefs.  On August 27, 2015, the trial court summarily denied all of Petitioners' motions and granted Respondents' motion to dismiss and/or summary judgment motion.

{¶5}    Petitioners filed this timely appeal, raising five assignments of error for this Court's review.  To facilitate our analysis, we elect to address Petitioners' assignments of error together.

II.

**Assignment of Error I**

**The habeas court committed prejudicial and reversible error, and/or abused its discretion when erroneously granting motion to dismiss without treating**

**said motion to dismiss as a return of writ violating Appellant's U.S. and Ohio Constitutional rights under 5th and 14th Amendments.**

### Assignment of Error II

**The habeas court erroneously granted summary judgment for Appellee, and/or abused its discretion, denying the Appellants' 5th and 14th Amendments to the U.S. Constitution and Ohio's constitutional rights when the grounds used for summary judgment were false.**

### Assignment of Error III

**The habeas court abused its discretion when erroneously granting Appellee's motion to dismiss and/or summary judgment based on Appellees' argument that res judicata bars habeas corpus relief on void parole board maximum sentence rendered void via official misconduct at time of [R.C. § 2967.13] parole eligibility in violation of Appellant's 5th and 14th Amendment rights to the U.S. Constitution and Ohio's Constitution.**

### Assignment of Error IV

**The habeas court erred when granting Appellee's motion to dismiss and summary judgment, when the Appellee erroneously argued that R.C. § 2967.03's [clemency] statute provides the adult parole authority wide-ranging discretion, when discretion provided at 'parole eligibility' is governed solely pursuant to R.C. § 5120.01/(OAC) Rule 5120-1-1-02G) pre-7-1-96 not R.C. § 2967.03 and denied Appellants 5th and 14th Amendment rights under the U.S. and Ohio Constitutions.**

### Assignment of Error V

**The habeas court abused its discretion and ignored the 2003 change in Ohio's Administrative Code Rule 5120-1-1-07(A) [nature of crime] in it's [sic] newly promulgated 'mandatory' form in existence only after 2003, and erroneously granted Appellee's motion to dismiss and summary judgment in violation of Appellant's 5th and 14th Amendment rights to the U.S. and Ohio Constitutions Art. I, § 10.**

{¶6}    In all five of their assignments of error, Petitioners challenge the propriety of the trial court's decision granting Respondents' motion to dismiss and/or summary judgment motion. As Petitioners' assignments of error do not challenge the trial court's denial of their three supplemental motions, we limit our analysis solely to the trial court's action with respect to

Respondents' motion to dismiss and/or summary judgment motion. We do not reach the merits of Petitioners' arguments, however, as we determine that Petitioners have failed to meet the statutory requirements for bringing a proper habeas corpus action.

{¶7} R.C. 2725.04 sets forth the general provisions for applying for a writ of habeas corpus. This statute provides:

Application for the writ of habeas corpus shall be by petition, signed and *verified* either by the party for whose relief it is intended, or by some person for him, and shall specify:

(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

(C) The place where the prisoner is so imprisoned or restrained, if known;

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

(Emphasis added). "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.'" *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001), citing *Black's Law Dictionary* 1556 (7th Ed.1999). The failure to comply with R.C. 2725.04's verification requirement is grounds for dismissing the habeas petition. *Sidle v. Ohio Adult Parole Auth.*, 89 Ohio St.3d 520 (2000); *Russell v. Mitchell,* 84 Ohio St.3d 328, 329 (1999).

**{¶8}** After reviewing the record, we determine that Petitioners' habeas corpus petition was not properly verified. While Petitioners' affidavits were properly notarized, neither the petition itself nor the accompanying affidavits expressly swore to the truth of the facts contained *within the petition*. Thus, the trial court did not err by granting Respondents' motion to dismiss and/or summary judgment motion. Although Petitioners attempted to cure this defect by later submitting amended affidavits in their opposition brief to Respondent's motion to dismiss and/or summary judgment motion, the failure to comply with the requirements of R.C. 2725.04 "cannot be remedied by a memorandum in opposition to motion to dismiss or a postjudgment motion." *Jordan v. Johnson*, 12th Dist. Madison No. CA2013-03-007, 2013-Ohio-3679, ¶ 16, quoting *Rideau v. Russell*, 12th Dist. Warren No. CA2000-07-065, 2001 WL 409429, * 2 (2001). Consequently, we determine that the amended affidavits attached to their opposition briefs are insufficient to cure the defects contained in the original affidavits.

**{¶9}** Accordingly, all five of Petitioners' assignments are overruled.

III.

**{¶10}** As all five of Petitioners' assignments of error are overruled, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENNIS CALO and DONALD RICHARD, pro so, Appellants.

MICHAEL DEWINE, Ohio Attorney General, and MAURA O'NEILL JAITE, Senior Assistant Attorney General, for Appellees.